UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:08-CV-191-RJC-DCK

| CHRISTINA L. DORTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion for Summary Judgment" (Document No. 10) filed by Christina L. Dorton ("Plaintiff") and the "Motion for Judgment on the Pleadings" (Document No. 12) filed by the Commissioner of Social Security. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income ("SSI") benefits. The motions have been referred to the Magistrate Judge and are ripe for review. Having carefully considered the entire record, including the motions, supporting memoranda, administrative record, and applicable authority, the undersigned recommends that the Commissioner's decision be **affirmed**, based on the following proposed findings of fact and conclusions of law:

**I. BACKGROUND**

Plaintiff was born on December 1, 1975, has a high school education, communicates in English, is married with three children, and has no past relevant work experience. (Tr. 21, Findings

1

5, 6; Tr. 330).[1]  Plaintiff's reported activities include shopping, driving, visiting with friends, laundry, watching television, cooking, doing dishes, going to sporting events, and taking care of her three children. (Tr. 20; 287; 334-336). Plaintiff indicates that she developed back pain and some post-partum depression after giving birth on May 26, 2004. (Tr. 134). She received counseling and was prescribed medication for her post-partum depression. The records reflects that she showed positive improvement within three weeks.  On June 24, 2005, she had back surgery to correct a herniated disc. (Tr. 214). An MRI of Plaintiff's back three months after surgery was "normal." Plaintiff later reported that she was no longer using any pain medication (Tr. 119).     On September 22, 2005, as a younger individual at the age of 29, Plaintiff filed an application for SSI benefits, alleging disability due to back pain, depression, and anxiety. (Tr. 30-34, 57-61).[2] The application was denied initially and upon reconsideration (Tr. 30-34, 36-38). Plaintiff requested an administrative hearing, which was held on May 23, 2007 before Administrative Law Judge ("ALJ") John L. McFayden.  Plaintiff was present with counsel.  An impartial vocational expert, Dr. Robert Spangler, testified at the hearing. (Tr. 323-348). Several impartial medical experts, Dr. Susan M. Bland, M.D., and Dr. Thomas Schact (licensed psychologist), also testified at the hearing.

At the hearing in May 2007, medical expert Dr. Bland indicated that Plaintiff's back surgery was successful, and that Plaintiff had received no further medical treatment for her back since November 2005. (See, e.g., Tr. 217, notes of treating physician where Plaintiff reported that "the surgery did well and helped"). Another medical expert, Dr. Schacht, testified that Plaintiff had

---

[1] Plaintiff also attended one semester of college. (Tr. 326). She testified at the hearing that she worked for two years (1994-1996) as a nurse's aid and as a cashier for several months in 2005. (Tr. 93, 326).

[2] 20 C.F.R. 404.1563 and 416.963 defines a "younger" individual as age 18-44 years.

complained of post-partum depression in August 2004 after giving birth but had showed positive improvement within weeks with prescription medication. Dr. Schacht noted that Plaintiff required no further treatment until February 2006 when she saw psychiatrist Dr. Smith for the first time and obtained another prescription for medication. (Tr. 340-341). In her monthly visit on April 27, 2006, Dr. Smith noted that Plaintiff was significantly "improved" (*Id.*). Plaintiff discussed with Dr. Steven Adkins, M.D., the medication that Dr. Smith had prescribed and indicated on May 12, 2006 that she felt normal and that her medications were "working well." (Tr. 117).

On August 13, 2007, the ALJ issued a decision finding that Plaintiff was not disabled at any time relevant to the date of decision. (Tr. 14-22). The Appeals Council denied review on March 10, 2008, and the ALJ's decision is thus the final decision of the Commissioner. (Tr. 5-8). Plaintiff subsequently filed for judicial review, and the parties' cross-motions are ripe for consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of the Commissioner's final decision to: (1) whether substantial evidence supports the decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1996). The decision must be based on the record as a whole. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986).

3

The Fourth Circuit Court of Appeals has emphasized that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456; *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."). If the Commissioner's decision is supported by substantial evidence under the correct legal standard, it must be affirmed even if the reviewing court would have decided differently. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. THE ALJ'S DECISION

Under the Social Security Act, the term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...," taking into account the individual's age, education, and past work experience. 42 U.S.C. § 423(d). The Commissioner follows a five-step sequential evaluation process when determining whether an individual is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2009).

At step one, the ALJ found that Plaintiff had not performed any substantial gainful activity since September 22, 2005, the application date. (Tr. 20, Finding 1). At step two, the ALJ found that Plaintiff had "severe impairments" due to back pain, depression, and anxiety. (*Id*. at Finding 2). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments

4

that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at Finding 3).

At step four, the ALJ found that Plaintiff had no past relevant work. 20 C.F.R.§ 416.920(a)(4)(iv). He then assessed the Plaintiff's residual functional capacity ("RFC"), defined as "what an individual can still do despite his or her limitations." 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). Given her history of back surgery, the ALJ found that Plaintiff had the RFC to perform "[l]ight exertion that requires only occasional bending and stooping." (Tr. 19 at Finding 4). Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.

At step five, the ALJ considered the testimony of the vocational expert that the Plaintiff, within her restrictions, could perform jobs that existed in significant numbers in the regional and national economies. (Tr. 21). The ALJ considered this expert testimony, as well as the Plaintiff's age, education, work experience, and RFC, and concluded that the Plaintiff could successfully adjust to work that existed in significant numbers in the national economy and was not disabled within the meaning of the Social Security regulations. (Tr. 22).

## IV. ANALYSIS

Plaintiff argues that the ALJ's RFC determination at step four is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ should have given controlling weight to the opinion of the clinical social worker, who felt that Plaintiff had significant mental functional limitations due to depression and anxiety. Plaintiff complains that the ALJ did not include any mental limitations in the RFC determination or in the hypothetical questions to the vocational expert.

5

However, as the ALJ pointed out in his decision, Plaintiff's treating psychiatrist, Dr. Ronald Smith, did not place *any* mental restrictions on Plaintiff. The ALJ noted that Dr. Smith's treatment notes indicated that Plaintiff had responded well to medication and had improved. (Tr. 20). Dr. Smith's treatment notes consistently indicated that Plaintiff's attention, concentration, and memory were "intact;" that her thought process was "logical and coherent;" and, that her attitude was "cooperative." (Tr. 302- 304, 306-308). Dr. Smith noted that Plaintiff reported "doing better" and observed that Plaintiff "seems much less anxious." (Tr. 306-307). Given Plaintiff's improvement, Dr. Smith did not place any restrictions on her. (Tr. 20, 301-313). Treating sources are generally entitled to more weight than other sources. 20 C.F.R. § 416.927(d)(2) (2007).

Although Plaintiff urges that the social worker should also be deemed a "treating source," the Commissioner explains that the social worker was not a "treating source" and that his opinion was not entitled to controlling weight. In determining disability, an ALJ may consider evidence from (1) acceptable medical sources, and (2) other sources, which include non-acceptable medical sources. See 20 C.F.R. § 416.913 (2007). Acceptable medical sources include licensed physicians and licensed or certified psychologists. See 20 C.F.R. § 416.913(a) (2007). Mr. Masters was a licensed clinical social worker and, thus, falls in the category of "other sources." See 20 C.F.R. § 416.913(d)(1) (2007); Social Security Ruling ("SSR") 06-03p.

Only acceptable medical sources may be deemed "treating sources" under the regulations. 20 C.F.R. § 416.902 (2007); 20 C.F.R. § 416.927(d)(2) (2007). An opinion from an acceptable medical source is entitled to controlling weight when the opinion is (1) from a treating source (*i.e.*, a physician with whom the claimant has an ongoing treatment relationship, see 20 C.F.R. § 416.902 (2007)); (2) well-supported by medically acceptable clinical and laboratory diagnostic techniques;

and (3) not inconsistent with the other substantial evidence in the record. See 20 C.F.R. § 416.927(d)(2) (2007).

The ALJ appropriately gave little weight to the opinion of this clinical social worker, whose opinion on mental restrictions was contradicted by his own notes from Plaintiff's counseling sessions and by other substantial evidence of record. The ALJ carefully considered the social worker's opinion regarding Plaintiff's alleged limitations, but found the opinion to be internally inconsistent and not fully credible. (Tr. 20). "[I]t is the responsibility of the ALJ and not the courts to reconcile inconsistencies in the medical evidence." *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). The ALJ found that plaintiff did not have functional mental limitations due to alleged depression and anxiety (Document No. 13, p. 3), and substantial evidence supports this finding.

The social worker filled out two RFC assessment forms, dated July 17, 2006 and April 2, 2007, opining that Plaintiff's depression and anxiety significantly limited her capacity to work. (Tr. 253-257, 298-299). He rated Plaintiff as "unable to meet competitive standards" with respect to her ability to remember work procedures, maintain attention and regular attendance, complete a normal workday, perform at consistent pace, respond appropriately to changes in a routine work setting, and deal with normal work stress. (Tr. 255). On the second form, he rated her ability to maintain attention and concentration as "poor/none" and rated her ability to interact with supervisors, function independently, understand complex job instructions, and behave in an emotionally stable manner as "fair." (Tr. 298-299).

As the ALJ indicated (Tr. 20), these RFC assessments were contradicted by the social worker's own notes which reflected that Plaintiff's depression and anxiety were only "mild" or that Plaintiff was "within normal limits." (Tr. 263-264, 289-295). He regularly indicated in his notes

7

that any impairment of concentration was only "mild" and/or within normal limits. (*Id.*). His records do not indicate that Plaintiff's memory was impaired or that she had any cognitive difficulties. (Tr. 263-264, 289-295). He indicated that Plaintiff had made "good progress." (Tr. 264, 293).

Additionally, at the hearing before the ALJ, the psychological expert, Dr. Thomas E. Schacht, testified to the inconsistencies between the social worker's opinion on the RFC assessment forms and treatment notes, and the ALJ appropriately credited Dr. Schacht's testimony. (Tr. 16-18, 342-344). The ALJ also noted that Dr. Schacht testified that the treatment notes of treating psychiatrist Dr. Smith reflected that Plaintiff's post-partum depression and anxiety had significantly improved. (Tr. 17, 341-342). The state agency physicians who reviewed Plaintiff's SSI application also concluded that Plaintiff's depression and anxiety did not significantly limit her capacity to function. (Tr. 20-21, 224-237, 274-287). The ALJ's decision was supported by substantial evidence of record. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); *Rogers v. Barnhart*, 204 F.Supp. 2d 885, 893 (W.D.N.C. 2002).

Considering Plaintiff's age, education, work experience, and residual functional capacity, the vocational expert testified that a significant number of jobs exist in the national economy that Plaintiff is capable of performing, providing several specific examples as representative of a larger body of similar jobs in the light unskilled job base. Vocational expert testimony may provide "substantial evidence" at the fifth step of the disability analysis. *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980). Therefore, the undersigned concludes that substantial evidence supports the ALJ's finding regarding Plaintiff's residual functional capacity and her ability to perform a significant number of jobs in the national economy, as well as the ultimate conclusion that she is not disabled. The ALJ's findings at each level of the review process are supported by substantial

evidence. *See* 20 C.F.R. §404.1520a(e). Plaintiff has not shown any grounds for remand.

## IV. RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED THAT**

1. Plaintiff's "Motion for Summary Judgment" (Doc. No. 10) should be **DENIED**;

2. Defendant's "Motion for Judgment on the Pleadings" (Doc. No. 12) should be **GRANTED**;

3. The Commissioner's decision should be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Signed: October 26, 2009

David C. Keesler
United States Magistrate Judge