UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08-cv-191-RJC-DCK

| | | |
|---|---|---|
| CHRISTINA L. DORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, et. al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the plaintiff's motion for summary judgment (Doc. No. 10), the Commissioner's motion for judgment on the pleadings (Doc. No. 12), and the Magistrate Judge's Memorandum and Recommendations ("M&R") (Doc. No. 14). The Court has considered the arguments of the parties, and the matter is now ripe for determination.

## I. BACKGROUND

Plaintiff has not objected to the facts as set forth on pages one through three of the M&R. The Court therefore adopts as its own the facts as stated in the "Background" section of the M&R.

## II. LEGAL STANDARD

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings

and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of the Commissioner's final decision to: (1) whether substantial evidence supports the decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390; see Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1996). The decision must be based on the record as a whole. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Fourth Circuit Court of Appeals has emphasized that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456; Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."). If the Commissioner's decision is supported

by substantial evidence under the correct legal standard, it must be affirmed even if the reviewing court would have decided differently. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff makes the same arguments in objection to the M&R that she made in arguing that the ALJ did not base his decision on substantial evidence. Plaintiff generally argues that the M&R did not accord enough weight to the opinion of Licensed Clinical Social Worker Gary Masters. However, this is the same legal argument plaintiff raised in her motion for summary judgment, where she argued that the ALJ did not accord Masters's opinion enough weight. Further, plaintiff argues here for the first time that the ALJ should not have credited the testimony of Dr. Thomas Schact because Dr. Schact did not review the treatment notes of plaintiff's psychiatrist Dr. Ronald Smith from June 2006 to March 2007. As the Commissioner correctly states, the notes that Dr. Schact was unable to review disclose generally mild symptoms, which are similar to the symptoms described in Dr. Smith's notes for the March 2006 to April 2006 period, which Dr. Schact was able to review.

The Magistrate Judge correctly determined that the ALJ's decision was based on substantial evidence, and the Court adopts the M&R as the decision of this Court.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Commissioner's motion for judgment on the pleadings is **GRANTED**;

2. Plaintiff's motion for summary judgment is **DENIED**;

3. The Commissioner's decision is **AFFIRMED**; and

4. Plaintiff's claim is hereby **DISMISSED**.

**SO ORDERED**.

Signed: December 9, 2009

Robert J. Conrad, Jr.
Chief United States District Judge